IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAN CAPITAL ASSET SERVICING, INC., assignee of WebBank, Corp.,<br><br>Plaintiff,<br><br>v.<br><br>THE RIVERTOWN BREWING COMPANY, LLC, and JASON ROEPER, Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:19-cv-549<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On March 20, 2019, Plaintiff CAN Capital Asset Servicing, Inc., filed this action against The Riverton Brewing Company, LLC, and Jason Roeper in Utah state court. *See* Dkt. No. 2 at 1; *see also* Dkt. No. 2-1. Plaintiff voluntarily dismissed its claims against Riverton Brewing Company on July 16, 2019, and Mr. Roeper removed this case to federal court on August 2, 2019. *See* Dkt. No. 2 at 2–3.

After Mr. Roeper filed his answer on August 30, 2019, Plaintiff's counsel entered an appearance on October 8, 2019. *See* Dkt. No. 7. No further activity in the case occurred and, on April 22, 2020, Magistrate Judge Warner ordered Plaintiff to file a status report by May 15, 2020, regarding the status of the case and its intentions to proceed. Dkt. No. 8. Plaintiff failed to do so. On June 2, 2020, Magistrate Judge Bennett noted that the deadline for the status report had expired and ordered Plaintiff to show cause no later than June 12, 2020, why the action should not be dismissed for failure to prosecute. *See* Dkt. No. 10 at 1–2. Judge Bennett cautioned that failure to respond "may result in dismissal of this action." *Id*. at 2. Plaintiff did not respond.

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

Plaintiff disregarded Judge Warner's order to submit a status report regarding the status of the case and its intentions to proceed. Plaintiff then failed to respond in any way to Judge

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although the court dismisses this action without prejudice, the court finds that these factors would support dismissal with prejudice, especially given Plaintiff's failure to respond to multiple court's orders—including its order to show cause why this action should not be dismissed for failure to prosecute.

Bennett's order to show cause. Indeed, Plaintiff has not communicated with the court in any way since October 2019, and it has taken no action to advance the litigation since the case was removed to this court. And Plaintiff's silence and inaction has persisted despite clear notice that failure to respond to the court's show cause order could "result in dismissal of this action." Dkt. No. 10 at 2.

In light of these actions, the court finds that Plaintiff has failed to (1) prosecute this action; (2) comply with this court's orders; or (3) show good cause why this action should not be dismissed. The court will accordingly dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal will be without prejudice.

*   *   *

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and DUCivR 41-2 for failure to comply with the court's orders and for failure to prosecute;
2. The Clerk of the Court shall terminate Civil Action 2:19-cv-549; and
3. Each party shall bear its own costs.

DATED this 19th day of April, 2022.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge